**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **CORY ALAN HATCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 2:26-00472** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**O R D E R**

Pending before the Court is Plaintiff's letter-form Motion for a Continuance and Motion for Appointment of Counsel (Document No. 6), filed on October 23, 2026.

First, Plaintiff requests "time to obtain an attorney." (Id.) In support, Plaintiff states that he has contacted Attorney Paul Stroebel in regards to obtaining representation in the above action. (Id.) Plaintiff states he is requesting a "continuance in order to get the proper steps." (Id.) It is hereby **ORDERED** that Plaintiff's above letter-form Motion for a Continuance (Document No. 6) is **DENIED**. This Court has not set any deadline for Plaintiff to obtain representation by counsel. Thus, there is no deadline to continue. If Plaintiff obtains counsel to represent him in the above case, that attorney should file a Notice of Appearance with this Court.

Second, Plaintiff requests the appointment of counsel. (Document No. 6.) In support, Plaintiff explains that he has been transferred to Carter County Detention Center and "they do not have a proper law library here." (Id.) Plaintiff explains that he does not believe "Carter County and their staff . . . have the knowledge of paperwork or anything." (Id.) Appointment of counsel is authorized by 28 U.S.C. § 1915(e)(1). See 28 U.S.C. § 1915(e)(1)("The court may request an attorney to represent any person unable to afford counsel.") There is no constitutional right to appointment of counsel in civil cases, and the decision whether to appoint counsel is

within the discretion of the Court. Appointment of counsel for an indigent plaintiff is required only in cases presenting exceptional circumstances. Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024)(citing Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). Courts must conduct a two-part, fact specific, inquiry to determine whether a case presents exceptional circumstance: (1) "whether the plaintiff 'has a colorable claim,'" and (2) whether the plaintiff "lacks the capacity to present" her claim "considering the claim's objective complexity and the plaintiff's subjective abilities" Id. If both of the foregoing questions are answered affirmatively, the case presents exceptional circumstances requiring the appointment of counsel. Id. Since there is "[n]o comprehensive definition of exceptional circumstances," each case "hinges on characteristics of the claim and the litigant." Id. at 248(citation omitted). Thus, the Court must assess the following: "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Id. When considering the plaintiff's ability, the Court must "evaluate whether and how the plaintiff's education, background, knowledge of the law, and ability to litigate while incarcerated affect[s] his [or her] capacity to present his [or her] claim." Id.

Having examined the record in this case, the undersigned finds that Plaintiff's letter-form Motion for Appointment of Counsel should be denied. There is no indication that Plaintiff lacks the capacity to present his claim "considering the claim's objective complexity and the plaintiff's subjective abilities." Plaintiff has already filed his Complaint with this Court, which is pending screening pursuant to 28 U.S.C. § 1915A. Although Plaintiff's incarceration will undoubtedly make it more difficult for him to pursue his case, as does his lack of legal knowledge, these

circumstances do not satisfy the exceptional standard. See Banks v. Gore, 738 Fed.Appx. 766 (4th Cir. 2018)(a plaintiff's "inexperience with the law and his prisoner status do not constitute an 'exceptional circumstances.'"); Louis v. Martinez, 2010 WL 1484302, * 1 (N.D.W.Va. April 2, 2010)(denying appointment of counsel where inmate was housed in the special housing unit, subjected to continuous lock down, with restricted access to the law library and no opportunity to obtain legal assistance from fellow inmates). Based upon the foregoing, the undersigned finds that Plaintiff's case and circumstances fail to meet the exceptional circumstances standard. It is therefore hereby **ORDERED** that the Plaintiff's above letter-form Motion for Appointment of Counsel (Document No. 6) is **DENIED**.

The Clerk is directed to send a copy of this Order to Plaintiff, who is acting *pro se*.

ENTER: October 26, 2026.

Omar J. Aboulhosn
United States Magistrate Judge